The facts were that one Tony Quince took a bucket of peas to market in Wilmington, and set it down in a cart, mistaking the cart for that of a friend. He then left it and went some distance to inquire about the price of peas in the market. Returning, he passed the defendant with a bucket of peas in his hand which he thought was his own, but said nothing. Finding his bucket gone, he retraced his steps and found the defendant in possession of it, with beets and lettuce upon it, and took it from the defendant, who was insolent and unwilling to surrender it. *Page 141 
The owner of the cart (introduced by the defendant) showed that upon finding the bucket in his cart, being about to move (162) the latter, he placed the bucket upon the ground, and shortly thereafter, as he was leaving the market, he raised the bucket and inquired of the by-standers, "Whose are they?" adding that they did not belong to him; thereupon the defendant came up, put his hand upon the bucket and took it from the witness, who told him, "You must give it up to the owner when he comes and calls for it."
The court below charged the jury that if the facts were as stated Tony had not abandoned the bucket of peas; that the bucket was in his constructive possession; and that if the defendant in taking it had a felonious intent to steal it he was guilty.
Verdict, "guilty"; rule for a new trial; rule discharged; judgment, and appeal.
A trespass is a necessary ingredient in every larceny. 2 East P. C., 554; 1 Hawk. P. C., 33, sec. 1; 1 Russ., 95; S. v. England, 8 Jon., 399.
The bucket, when taken by the defendant, was not in the actual or in the constructive possession of Tony. The owner of the cart could have maintained trespass for it. 2 Saund. R., 47e; Blackman's case, 1 Salk., 290. He has assumed exclusive domination and control over it, and directed what should be done with it, having himself obtained possession bona fide. If the owner of the cart had stolen the peas, the defendant could not be found guilty under this charge, because the taking possession from Tony was an act completed before defendant had any part in the transaction. King'scase, Russ. Ry. Cr. Cas., 332.
The bucket being lost, and the owner unknown, it was not the subject of larceny. 3 Inst., 108; 1 Hawk. P. C., ch. 3, sec. 32; (163) 1 Hale, 506; Tyler v. People, 6 Breese, 227; S. v. Roper, 3 Dev., 473. The bucket was lost, for the owner had put it in a different place from that in which he had supposed. The defendant received it openly, and with a trust in behalf of the owner, publicly accepted, which renders the case one in which a felonious intent could not be ascribed. See Wharton Cr. L. (3d ed.), 653, note 2.
There was evidence from which the jury were at liberty to infer and find every ingredient of larceny. Tony Quince had no notion of abandoning his bucket of peas. He knew the precise place where he put it and had animumrevertendi; so it was no more "lost" *Page 142 
than a gentleman's hat left in the passage upon his entering the parlor, and the fact that he had put it on a chair instead of a table is immaterial. So "Roper's case" cannot be made to fit.
This is no error. This will be certified to the end, etc.
PER CURIAM. There is no error.
Cited: S. v. Holder, 188 N.C. 563.
(164)